[No. 7919.]

### Pease v. Wilkin et al.

1. Elections—*Statutes regulating the exercise of the eletcive franchise,* receive such construction as will afford to the elector the greater liberty in casting his ballot.

2. ——*Nominations by Petition*—One who has accepted the nomination of a political party may be nominated by petition of independent voters, assuming a different party designation.

*Error to Fremont District Court*—Hon. Charles C. Holbrook, Judge.

Mr. James T. Locke, Mr. Jos. H. Maupin, Mr. A. H. McLain, Mr. A. A. Hinman and Mr. George L. Nye, for plaintiff in error.

Messrs. Waldo & Stump, Mr. R. D. Thompson and Mr. Wm. B. Waldo, for Wilkin.

Hon. Benjamin Griffith, attorney general, Philip W. Mothersill, assistant attorney general, for Pearce. Pearce.

Mr. Justice Gabbert delivered the opinion of the court:

Under the provisions of the direct primary act, passed at the extraordinary session of the general assembly convened in 1910—Laws of that session, p. 15 *et seq.*—Honorable Charles A. Wilkin, on the tenth day of September, 1912, was

nominated by the Republican party for judge of the Eleventh judicial district, and Honorable Augustus Pease nominated for the same office by the Democratic party. On the next day a certificate by petition, in all respects regular, and duly signed by the requisite number of qualified voters, was filed with the Honorable James B. Pearce, secretary of state, nominating Judge Wilkin as a candidate for the office of district judge of the eleventh judicial district under the name, style and designation of "The Progressive Party." These several nominations were duly accepted by the respective nominees. Mr. Pease then commenced an action the purpose of which was to restrain the secretary of state from certifying Judge Wilkin as a candidate upon the Progressive party ticket for the office of district judge of the eleventh district. The cause was heard by Honorable Charles C. Holbrook, sitting as judge of the eleventh judicial district in place of Judge Wilkin. On the pleadings, evidence introduced, and the admitted facts, judgment was rendered, refusing an injunction and dismissing the action. To review this judgment, Mr. Pease has brought the case here for review on error.

It is unnecessary to give a synopsis of the pleadings, or statement of facts, further than already given, as it is conceded by counsel that by the pleadings, evidence, admitted facts and stipulation of counsel at the hearing before the court below, the sole question to be determined was, whether, under the act of 1910, entitled "Elections," and particularly under section 26 thereof, the respondent Wilkin having already been nominated by the Republican party and having accepted that nomination, could lawfully be nominated by petition of independent voters under the name of "The Progressive Party."

Counsel for plaintiff in error contend that Judge Wilkin, by the act in question, is inhibited from accepting such nomination; that such inhibition is constitutional; while counsel for defendant in error take the position that the act contains no provision inhibiting Judge Wilkin from being the nominee of the Progressive party for the office in question, and if it

does, that it is unconstitutional. The first question presented involves a construction of our primary election act, and should it appear that it is not susceptible of the construction contended for by counsel for plaintiff in error, then the constitutional question is eliminated.

Plaintiff in error relies principally upon section 26 of the act, to which we have referred, which is as follows:

"Candidates for public office who do not wish to affiliate with a political party as defined in this act, may be nominated otherwise than by a direct primary election, in the manner following:"

Then follow provisions in detail with respect to how such a certificate of nomination by petition shall be prepared, and what it shall contain; the number of electors who must sign the same, as determined by whether the nominee is a candidate for an office to be voted for by the electors of the entire state, or a political subdivision thereof; and that it shall designate in not more than five words the name of the party the signers select. It then provides that each voter signing the certificate "shall, before an officer duly authorized to administer the same, make oath by affidavit thereto attached, that he is a voter within and for the political division for which such nomination is made   *   *   *   and has not voted at any primary election to nominate a candidate for such office." There is nothing in this section, or in the act, requiring any statement with respect to the political affiliation of the candidate so nominated.

The purpose of the act under consideration was to confer upon the electors the power to choose candidates for public offices at a primary election held for that purpose. To this end the act provides how candidates may be nominated to be voted for at the primary election, which it is not necessary to notice in detail, as none of these provisions are involved. In order, however, to give the electors the widest possible latitude in naming candidates, section 26 to which we have referred was enacted, whereby, as will be observed, candidates

can be nominated by petition direct, without submitting their candidacy to a vote at the primary election. The purpose of this section is to permit electors to make independent nominations for public offices by petition under a name they may lawfully choose, and to vote for such nominees by that designation. They are not required to state anything in the petition regarding the political affiliation of such nominees; neither are they, in so far as the right to nominate by petition is conferred upon electors, inhibited from selecting their candidates from any political party, or from those who have already been nominated under the provisions of the primary law. It is only from the language employed in the section, to the effect that candidates not wishing to affiliate with a political party, as defined in the act, may be nominated by petition, that counsel for plaintiff in error base their contention that a candidate who has already been nominated by a political party is inhibited from accepting an independent nomination by petition, and therefore, electors may not so nominate him. So far as advised from the briefs of counsel, there does not appear to be any inhibition against political parties nominating the same candidates at the primary election, and to hold that independent electors have not the same privilege in selecting their candidates by petition would, to say the least, bring about absurd, contradictory and inconsistent results, in that it wo 'l confer upon political parties, as defined in the act, a right which is denied electors who desire to make nominations by petition. The act should not receive a construction which would bring about such an anomalous result unless there is no escape from such a construction.

As previously stated, the object of the primary law is to confer upon electors the authority to name candidates independent of the action of political parties and organizations; but should section 26 be given the construction contended for by counsel for plaintiff in error, it would tend in a measure to defeat this object. True, as said by counsel for plaintiff in error, independent electors may vote for candidates nominated

at the primary election without having them designated on the official ballot, as nominees of the party selected by those signing a petition for that purpose, by placing a cross opposite the name of such candidates, but if they must designate their choice of candidates upon the official ballot in this manner instead of writing at the head of the ballot the name of the party they have chosen by petition, then they are deprived of a right which those affiliated with a political party may exercise, and the result would be that the same facility would not be afforded independent electors to vote that is afforded those desiring to vote for candidates nominated by a political party. This court has declared, in *People v. District Court*, 18 Colo. 26, that in case of doubt between two constructions of a statute relating to elections, the one should be adopted which will afford the citizen the greater liberty in casting his ballot; and in *Nichols v. Barrick*, 27 Colo. 442, that all statutes which limit the voter in the exercise of his right should be liberally construed in his favor. The act is not susceptible of the construction contended for by counsel for plaintiff in error, unless the language "candidates for public office who do not wish to affiliate with a political party, as defined in this act," inhibits a candidate nominated by a political party from accepting an independent nomination by petition. We think it does not. To hold otherwise would discriminate between nominees of political parties and nominees named by petition of electors by conferring upon the former the right to be nominated by two or more political parties, while candidates nominated by petition are denied this privilege. The legislature never contemplated such an incongruous result. The language above quoted is far from declaring that a nominee of a political party is not eligible to be nominated by petition. The prime purpose of the section in which it occurs is to permit candidates to be nominated by petition, and had it been the intention of the legislature to provide that candidates already nominated by a political party could not be nominated in

this manner, clear and unmistakable language to that effect would have been employed.

As the statute is not susceptible of the construction contended for by counsel for plaintiff in error, it is unnecessary to consider the constitutional question raised by the respective parties.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY not participating.